**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JEFFREY A. BARTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:07CV180 CDP |
| BJC BEHAVIORAL MEDICINE, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jeffrey Barton for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**[1]

Plaintiff has filed a several pages of hand-written materials that contain an assortment of incoherent and incomprehensible allegations against BJC Behavioral Medicine, Cathy Upton, and Cathy Morgan. The Court will liberally construe the complaint as a civil rights action brought under 42 U.S.C. § 1983.

Plaintiff alleges that defendants somehow threatened himself and his wife. It is not clear from the complaint as to what form the alleged threats took. From the complaint, it appears that the threats were related to plaintiff's relationship with his landlord.

---

[1] Plaintiff filed his complaint on January 22, 2007. Plaintiff filed a supplemental memorandum on February 6, 2007. Because plaintiff is pro se, the Court will review the February 6, 2007, filing together with the complaint.

2

Plaintiff seeks a restraining order to the effect that "[his] wife can live a happy, married life . . ."

**Discussion**

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id.

The allegations in the complaint are against private actors. There are no allegations in the complaint that there existed any agreement between defendants and state actors to violate plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted under § 1983.

Additionally, the allegations in the complaint do not rise to the level of constitutional violations. As a result, the complaint is legally frivolous under 28 U.S.C. § 1915(e)(2)(B), and the complaint shall be dismissed prior to service of process.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of February, 2007.